

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

*Overruled by JM-19*

December 15, 1972

Hon. Bob Bullock
State of Texas
Office of the Secretary
  of State
Austin, Texas    78711

Dear Mr. Bullock:

Opinion No. M- 1279

Re: Questions relating to trans-
fer of accrued vacation credit
and payment in cash in lieu of
vacation taken, of state em-
ployees and constitutional of-
ficers of the State.

Your request for an opinion asks the following questions:

"1. May a state employee who is appointed,
without interruption of state employ-
ment, to a Constitutional Office of
the State of Texas be credited with
unused vacation entitlement accrued
prior to his appointment?

"2. May a Constitutional Officer of the
State of Texas accrue and be paid for
all accrued but unused vacation en-
titlement upon termination from that
office?

"3. If the above answer is in the affirma-
tive, when should payment be made?

"4. If there are insufficient funds in the
appointed officer's line item salary
appropriation, from which salary ap-
propriation should payment be made?"

Accrued vacation entitlement is a vested right of State
employees and of their estates. Attorney General's Opinions
Nos. M-1075 (1972) and M-1252 (1972).

Article 6813b, Vernon's Civil Statutes, provides in part:

- "From and after the effective date of this Act, all salaries of all State officers and State employees, including the salaries paid any individual out of the General Revenue Fund, shall be in such sums or amounts as may be provided for by the Legislature in the biennial Appropriations Act. . . ."

It was held in Attorney General's Opinion No. M-1252.

"Since payment for all duly accrued vacation time is payment for services rendered, it is our opinion that such payment constitutes salaries within the meaning of Article 6813b. . . . Employees for whom line item appropriations are made may be paid for accumulated vacation time from other salary funds."

Section 7 of Article V of the current General Appropriation Act is by its express terms applicable only to "annual employees of the State". Therefore, it is our opinion that the provisions of Section 7 of Article V relating to "Employees Vacation and Leaves" are not applicable to State officials.

Terminal leave pay for all vacation time duly accrued was required for the first time in the current General Appropriation Act. Prior to its enactment, pay for accrued vacation was not permitted except as provided in Article 6252-8a, Vernon's Civil Statutes. See, Attorney General's Opinion No. M-1075 (1972).

Section 7 of Article V of the current General Appropriation Act provides in part:

"If a State employee transfers directly from one State agency to another, he shall be entitled to credit with the newly employing agency for his accumulated but unused vacation entitlement, provided that his employment with the State is uninterrupted. A State employee who resigns, is dismissed, or separates from State employment shall be entitled to be paid for all vacation time duly accrued."

In view of the foregoing, your questions are answered as follows:

1.   Whenever a State employee qualifies to a Constitutional Office of the State, he ceases to be a State employee. There is no authorization for payment for unused vacation time for an employee whose employment was terminated prior to September 1, 1972.  If a State employee qualifies to a Constitutional Office after September 1, 1972, such individual would be entitled to be paid all vacation time duly accrued.  An employee's unused vacation entitlement may not be transferred and credited to him in his capacity as a Constitutional or statutory Officer because the above quoted provision regarding transfers of vacation time speaks only to employees as distinguished from officers.  The same language regarding transfers of vacation time has been included in the last five appropriation bills.

2.   A Constitutional Officer of the State may not accrue or be paid for vacation.

In view of our answer to question 2, it is unnecessary to answer question 3 and 4.

### S U M M A R Y

Section 7 of Article V of the current General Appropriation Act relating to "Employees Vacation and Leaves" is not applicable to State officials.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bob Gauss
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Chairman

Bob Flowers
Marvin Sentell
J. C. Davis
John Grace

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant